IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GAYLORD DUFF, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV140 |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| JUDY REMIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the undersigned magistrate judge *sua sponte*. The undersigned magistrate judge entered an order requiring the plaintiff to show cause why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) with regard to several defendants.  **See** Filing No. 47.  The plaintiff did not file a response.  For the reasons set forth below, the undersigned magistrate judge will recommend the plaintiff's complaint be dismissed without prejudice as to defendants Judy Remil, Terry Butkus, Aaron Hall, Robert Schmucker, Allen Pherson and Richard Leech for failure to effect service.

## BACKGROUND

The plaintiff filed the complaint in this matter on March 29, 2005.  **See** Filing No. 1. Several summonses were issued on that date.  While there is evidence the plaintiff served many of the defendants, there is no indication the plaintiff ever effected service of the summons and the complaint upon Judy Remil, Terry Butkus, Aaron Hall, Robert Schmucker, Allen Pherson and Richard Leech.  On October 25, 2005, the undersigned magistrate judge entered an order requiring the plaintiff to show cause by November 14, 2005, why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m).  **See** Filing No. 47.  The plaintiff has not filed a response to that order.

## ANALYSIS

Federal Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the

> plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

**See** Fed. R. Civ. P. 4(m). The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion. **See *Roberts v. Missouri Div. Of Employment***, 636 F.2d 249, 250 (8th Cir. 1980). The court's discretion was later explained as follows:

> The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. This does not mean that the district court must find that the appellant acted in bad faith, but requires "only that he acted intentionally as opposed to accidentally or involuntarily."

***Hunt v. City of Minneapolis***, 203 F.3d 524, 527 (8th Cir. 2000) (citations omitted). The Eighth Circuit continued, noting the district court did not err in dismissing the action with prejudice after finding the plaintiff had "engaged in a persistent pattern of intentional delay by willfully disregarding court orders and violating the Federal Rules." ***Hunt***, 203 F.3d at 527-28. However, the Eighth Circuit has also ruled that "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or . . . persistent failure to prosecute a complaint." ***In re Popkin & Stern***, 196 F.3d 933, 938 (8th Cir. 1999) (citations omitted). The court must initially consider "the egregiousness of the plaintiff's conduct" and, secondarily, "the adverse affect of the plaintiff's conduct on the defendant and on the administration of justice." ***Sanders v. Merry-Go-Round Enters., Inc.***, 1993 WL 23597, at *2 (D. Minn. Jan. 29, 1993) (**quoting *Wright v. Sargent***, 869 F.2d 1175, 1176 (8th Cir. 1989)). Dismissal without prejudice, on the other hand, is appropriate when service of the summons and complaint has not been made upon the defendant within 120 days after filing of the complaint. **See** Fed. R. Civ. P. 4(m); ***Bullock***

***v. United States***, 160 F.3d 441, 442 (8th Cir. 1998) (per curiam) (affirming district court's dismissal without prejudice under Rule 4(m)).

In this case, the plaintiff has failed to effect service of the summons and the complaint upon the defendants Judy Remil, Terry Butkus, Aaron Hall, Robert Schmucker, Allen Pherson and Richard Leech in accordance with Rule 4(m). The plaintiff has provided the court with no explanation for the failure to serve these defendants. The plaintiff has not complied with the court's order to show cause why the action should not be dismissed. The plaintiff has acted in a manner that interferes with the orderly processes of this court. The undersigned magistrate judge finds the plaintiff's failure to prosecute this action interferes with the orderly administration of justice. Upon consideration,

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's complaint (Filing No. 1) be dismissed without prejudice against Judy Remil, Terry Butkus, Aaron Hall, Robert Schmucker, Allen Pherson and Richard Leech pursuant to Federal Rule of Civil Procedure 4(m).

**ADMONITION**

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 15th day of November, 2005.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge