IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GAYLORD DUFF, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV140 |
| | ) | |
| v. | ) | |
| | ) | |
| VALERY GRANHOL, ROBERT HOUSTON, CHARLES WEST, KEN SMIDT, JAMES GESCH, HAROLD CLARK, FRANK HOPKINS, FRED BRITTEN, SCOTT MARSHALL, LINDA LEONARD, KAREN SHORTRIDGE, DONALD STENBERG, GEORGE GREEN, BRAD EKSTROM, and LINDA WILLARD, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motions to dismiss of defendants James Gosch, Kenneth Schmit, Valery Granholm,[1] Linda Leonard, Charles West, Frank Hopkins, Linda Willard, Donald Stenberg, Fred Britten, Scott Marshall, Brad Ekstrom, Karen Shortridge and Robert Houston, Filing No. 32, and defendant Harold Clark, Filing No. 42.[2]

This is an action for declaratory and injunctive relief and damages for deprivation of constitutional rights under 42 U.S.C. § 1983. Plaintiff was incarcerated at Douglas County Correctional Center ("DCCC") at the time of the alleged deprivation. He alleges he was wrongfully denied good time credits and early release as a result of defendants' actions in connection with a DNA sample. At the time of the incident, defendant Harold

---

[1]The names of Kenneth Schmit, Valery Granholm and James Gosch are misspelled in the complaint and caption of the case and hereinafter will be referred to by their correct names.

[2]The court has dismissed plaintiff's action against defendants Judy Remil, Terry Butkus, Aaron Hall, Robert Schmucker, Allen Pherson and Richard Leech for failure to effect service of process under Fed. R. Civ. P. 4(m). See Filing No. 50.

Clark was the Director of the Department of Corrections; defendant Don Stenberg was the Attorney General for the State of Nebraska; defendant Linda Willard was an assistant attorney general; and the remaining defendants were employees of the Nebraska Department of Correctional Services ("DCS").  Defendants have been sued in their individual capacities for actions taken under color of state law to deprive the plaintiff of his liberty under color of state law.

## I.    BACKGROUND

The plaintiff alleges in his complaint that he was denied good time credits for refusal to submit to a second DNA sample after the first was lost or mishandled by defendants. Accordingly, he alleges that he was wrongfully confined by defendants for 1,031 days beyond his mandatory release date.  He seeks a declaration that Neb. Rev. Stat. § 29 - 4106(2), which provides that a person convicted of a felony sex offense or other specified offense will not be released from incarceration prior to the expiration of his or her maximum term of confinement unless and until he or she provides a DNA sample, is unconstitutional both on its face and as applied to him, and he also seeks damages.

In their motions to dismiss, defendants Schmit, Leonard, Shortridge, Ekstrom, Stenberg, and Willard assert that plaintiff has failed to state a claim against them for the reason that plaintiff has not alleged any facts that would give rise to liability for deprivation of rights by any of these defendants.  No specific actions by these defendants are set forth in the complaint, though they are alleged to have been employed by DCS in some capacity at the time of the incident.  Defendants Hopkins and Granholm similarly contend that plaintiff has failed to state a claim for relief against them.  In the complaint, Granholm is alleged only to have taken plaintiff's fingerprints for the first sample.  Defendant Hopkins

is not alleged to have played any part in the decision to deny plaintiff good-time credits, he is alleged only to function as a manager at the detention facility. Defendants also assert that they are entitled to qualified immunity from the plaintiff's claims.

## II.   DISCUSSION

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true; and, must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec* Co., 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

Plaintiff alleges a deprivation of his liberty. In Nebraska, deprivation of good-time credit implicates a liberty interest sufficient to require due process. Dailey v. Nebraska Dept. of Corr. Servs., 578 N.W.2d 869, 873 (1998). Although the complaint is not a model of clarity, the court can reasonably construe the pleading to allege a violation of either substantive or procedural due process. The Due Process Clause ensures every individual subject to a deprivation of a constitutionally protected interest the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The nature of the interest and the circumstances of the deprivation dictate what procedures are necessary to satisfy this guarantee. *Mathews*, 424 U.S. at 333-34.

Although a plaintiff faces no heightened pleading standard in alleging liability under § 1983, a complaint must, at a minimum, contain facts sufficient to state a claim as a

matter of law and must not be merely conclusory in its allegations. *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998). To state a claim under § 1983, a plaintiff must allege an act performed under color of state law that resulted in a constitutional injury. To hold a political subdivision liable for that act, the plaintiff must identify either an official policy or a widespread custom or practice that caused the plaintiff's injury. *Id.* Under 42 U.S.C. § 1983, a defendant may not be held liable on principles of vicarious liability or respondeat superior for constitutional injuries allegedly inflicted by employees. *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 778 (8th Cir. 2001). Similarly, supervisor liability under § 1983 must be based on some form of actual and direct participation in the constitutional violation. *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002).

Public officials are entitled to qualified immunity in suits against them in their individual capacity as long as their actions do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is an affirmative defense to be found in a motion to dismiss only when the immunity can be established on the face of the complaint. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

The qualified immunity analysis is a two-step process. *Saucier v. Katz*, 593 U.S. 194, 200 (2001); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997). The threshold question is whether the plaintiff has alleged the violation of a constitutional right. *Id.* If so, the court determines whether that right was "clearly established" at the time of the alleged violation. *Id.* This is an objective standard and is to be applied to a particular defendant's conduct as a matter of law*. Id.* Qualified immunity is usually raised by a motion for

4

summary judgment after a limited amount of discovery has been conducted to determine whether defendants acted objectively in a reasonable manner and whether a plaintiff's rights were clearly established at the time of the alleged deprivation. *Id.* Courts take a broad view of what constitutes "clearly established" under the qualified immunity analysis and the test will favor a plaintiff when the test is based solely on the allegations in the complaint. *Whisman*, 119 F.3d at 1309.

Although plaintiff recites the job titles of all the defendants in his complaint, he alleges that only defendants Judy Remil, Terry Butkus, Robert Houson, Valery Granholm and Charles West took any actions against him that could give rise to liability for a § 1983 violation. Judy Remil and Terry Butkus have already been dismissed. Accepting the allegations in the complaint as true, the court finds that plaintiff has failed to state a claim for deprivation of a constitutional right against defendants Schmit, Leonard, Shortridge, Ekstrom, Stenberg, Willard, Hopkins and Clark. Although the allegations with respect to the remaining defendants' roles in the alleged deprivation are thin, the court cannot say that it appears that the plaintiff can prove any set of facts which would entitle him to relief against these defendants. At this early stage of the litigation, the defendants have not shown they are entitled to qualified immunity for their alleged actions. Accordingly, the motions to dismiss will be denied with respect to the remaining defendants.

IT IS ORDERED:

1. The defendants' motion to dismiss (Filing No. 32) is granted with respect to James Gosch, Kenneth Schmit, Linda Leonard, Frank Hopkins, Linda Willard, Donald Stenberg, Fred Britten, Scott Marshall, Brad Ekstrom, and Karen Shortridge, and denied with respect to defendants Valery Granholm, Charles West, and Robert Houston.

2. Defendant Harold Clark's motion to dismiss (Filing No. 42) is sustained.

DATED this 6th day of February, 2006.

                                              BY THE COURT:

                                              s/ Joseph F. Bataillon
                                              JOSEPH F. BATAILLON
                                              United States District Judge