IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GAYLORD DUFF, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV140 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| VALERY GRANHOL, | ) | |
| ROBERT HOUSTON, | ) | |
| CHARLES WEST and | ) | |
| GEORGE GREEN, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court after a telephone conference with counsel on October 18, 2006 and the defendants' notice (Filing No. 80).

    On April 14, 2006, this matter was transferred to the undersigned magistrate judge based on consent to exercise jurisdiction pursuant to 28 U.S.C. § 636(c).  **See** Filing No. 55.  The consent was signed by counsel representing the plaintiff and counsel for the three defendants Valery Granholm, Robert Houston and Charles West.  Previously, on May 12, 2005, counsel filed a motion to dismiss on behalf of Mr. Green, among others including the other three defendants, arguing improper service under Fed. R. Civ. P. 12(b)(5).  **See** Filing No. 6.  Subsequently, the plaintiff filed notices of service for several defendants including the other three defendants.  **See** Filing Nos. 22, 24 and 29.  However, no notice of service was ever filed as evidence Mr. Green had been served with the complaint.  Mr. Green did not join in the defendants' later motion to dismiss under Fed. R. Civ. P. 12(b)(6), which was granted with regard to eleven defendants and denied as to Valery Granholm, Robert Houston and Charles West.  **See** Filing Nos. 32 and 51.  Additionally, Mr. Green was not one of the defendants dismissed for lack of prosecution in December 2005.  **See** Filing No. 50.

    During the October 18, 2006 telephone conference, counsel for the plaintiff stated he thought he had obtained service on Mr. Green.  However, on October 20, 2006, the plaintiff sought from the court a copy of the summons for Mr. Green.  **See** Filing No. 81.

Counsel for the defendants states she does not intend to file documents on behalf of Mr. Green until either the May 12, 2005 motion to dismiss is denied or the plaintiff properly serves Mr. Green.  **See** Filing No. 80.

"The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence."  NECivR 41.1.  Further, Fed. R. Civ. P. 4(m) establishes the following time limit for service of process on the defendants in a civil case:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In this case the complaint was filed on March 29, 2005.  **See** Filing No. 1. Accordingly, the deadline for service of process expired **on or about July 28, 2005**.  Since the court's records show no proof of service of process on Mr. Green, and the plaintiff did not file any opposition to the May 12, 2005 motion to dismiss, the plaintiff shall show cause why this case should not be dismissed as against Mr. Green for failure to effect timely service.  If the plaintiff intends to prosecute this matter against Mr. Green, the plaintiff shall also show good cause for the failure to effect timely service.  The showing of cause shall be filed electronically on or before the close of business **on November 3, 2006**, otherwise the May 12, 2005 motion to dismiss will be granted as to Mr. Green.  Upon consideration,

**IT IS SO ORDERED.**

Dated this 23rd day of October, 2006.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge