IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GAYLORD DUFF, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV140 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| VALERY GRANHOL, | ) | |
| ROBERT HOUSTON, | ) | |
| CHARLES WEST and | ) | |
| GEORGE GREEN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's response (Filing Nos. 83 and 84) to the October 23, 2006 show cause order (Filing No. 82).

On April 14, 2006, this matter was transferred to the undersigned magistrate judge based on consent to exercise jurisdiction pursuant to 28 U.S.C. § 636(c).  **See** Filing No. 55.  The consent was signed by counsel representing the plaintiff and counsel for the three defendants Valery Granholm, Robert Houston and Charles West.  Previously, on May 12, 2005, counsel filed a motion to dismiss on behalf of Mr. Green, among others including the other three defendants, arguing improper service under Fed. R. Civ. P. 12(b)(5) for failure to attach a copy of the complaint to the summons.  **See** Filing No. 6.  Subsequently, the plaintiff filed notices of service for several defendants including the other three defendants.  **See** Filing Nos. 22, 24 and 29.  However, no notice of service was ever filed as evidence Mr. Green had been served with the complaint.  Mr. Green did not join in the defendants' later motion to dismiss under Fed. R. Civ. P. 12(b)(6), which was granted with regard to eleven defendants and denied as to Valery Granholm, Robert Houston and Charles West.  **See** Filing Nos. 32 and 51.  Additionally, Mr. Green was not one of the defendants dismissed for lack of prosecution in December 2005.  **See** Filing No. 50.

During an October 18, 2006 telephone conference, counsel for the plaintiff stated he thought he had obtained service on Mr. Green.  However, on October 20, 2006, the plaintiff sought from the court a copy of the summons for Mr. Green.  **See** Filing No. 81.

Counsel for the defendants states she does not intend to file documents on behalf of Mr. Green until either the May 12, 2005 motion to dismiss is denied or the plaintiff properly serves Mr. Green.  **See** Filing No. 80.

"The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence." NECivR 41.1.  Further, Fed. R. Civ. P. 4(m) establishes the following time limit for service of process on the defendants in a civil case:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In this case the complaint was filed on March 29, 2005.  **See** Filing No. 1.  The plaintiff states he served Mr. Green by certified mail on April 13, 2006, however a copy of the complaint was not included.  **See** Filing No. 84 - Chapin Aff. ¶¶ 2-3.  Counsel for the plaintiff contends that when Mr. Green attorney filed a motion to dismiss (Filing No. 6) on May 12, 2006, the plaintiff understood the action to mean Mr. Green had accepted service.  *Id.* ¶¶ 5-6.  On May 19, 2006, the plaintiff attempted to reserve Mr. Green with a copy of the complaint to the same address where he was previously served.  *Id.* ¶ 6.  However, on June 10, 2006, the envelope was returned to the plaintiff as unclaimed.  *Id.*  The plaintiff made no additional attempts to serve Mr. Green until October 20, 2006, when he obtained an additional Summons.  **See** Filing No. 81.  Counsel for the plaintiff states he "did not realize that Defendant George Green had not been served nor that he was not represented by the Attorney General's Office until counsel received a call from the Court on or about October 17, 2006."  **See** Filing No. 84 - Chapin Aff. ¶ 8.

The court finds the plaintiff has shown good cause for the failure to timely serve Mr. Green.  The plaintiff shall have a brief extension of the deadline to do so.  Additionally, the plaintiff shall have an opportunity to respond to Mr. Green's motion to dismiss, which was never ruled on by the court.  **See** Filing No. 6.  Since counsel from the Attorney General's

Officer has entered an appearance for Mr. Green, such counsel will have an opportunity to reply to the plaintiff's response, if necessary. Finally, because Mr. Green has a motion pending and has not either consented to jurisdiction of the magistrate judge or been previously dismissed, Mr. Green has an opportunity to consent to the magistrate judge's jurisdiction. In the absence of which, the case will be transferred back to the docket of Chief Judge Bataillon for disposition. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff shall have to **on or before December 22, 2006**, to effect service of the summons and complaint upon George Green.

2. The plaintiff shall have to **on or before January 5, 2007**, to file a response to the defendants' motion to dismiss (Filing No. 6). Mr. Green shall have to **on or before January 15, 2007**, to file a reply.

3. Mr. Green shall have to **on or before December 29, 2006**, to consent to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c), otherwise the case will be transferred back to the docket of Chief Judge Bataillon for disposition.

Dated this 21st day of November, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge